IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.  8:04CR277 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER ON SENTENCING SCHEDULE |
| MATTHEW DAVID STRAIN, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the Local Rules of Practice (see NECrimR. 32.1(b)), and the sentencing practices of this court more generally,

IT IS ORDERED that the following deadlines and procedures are set to expedite and direct the sentencing process in this case:

1.     **December 7, 2004**: Counsel's respective versions of the offense(s) to the probation office;

2.     **December 28, 2004**: Financial information, restitution proposal and any chemical dependency/mental healthevaluation to the probation office by counsel;

3.     **January 18, 2005**: Presentence report to counsel by the probation office;

4.     **January 28, 2005**: Objections by counsel per paragraph 1 of the general order;

5.     **February 7, 2005**: Probation office's submission to the judge of presentence report with any addendum per paragraph 4 of the general order;

6.     **February 14, 2005**

(a) Any proposals to the probation office for community service, community confinement,

(b) Motions to the court for departure from the guidelines; and

(c) Counsel's filing and serving on all other parties and the probation officer a written statement of position respecting each of the unresolved objections to the presentence report, including specific nature of each objection.

(d) <u>If evidence is to be offered in support of or opposition to a motion under subparagraph (b) of this paragraph or in support of or opposition to an objection under subparagraph (c) of this paragraph 6, it must be, (1) by affidavit, letter report or other document accompanying the statement or (2) by oral testimony at the sentencing hearing.  If oral testimony is desired, a request must be made in the statement and the statement must reveal (a) the nature of the expected testimony, (b) the necessity for oral testimony, instead of documentary evidence, such as affidavits, (c) the identity of each proposed witness, and (d) the length of time anticipated for presentation of the direct examination of the witness or witnesses.  If a request for oral or documentary evidence is made by one party but not by the adverse party, the adverse party within five working days thereafter may make a responsive request for oral or documentary evidence, setting out details in the same manner as required by this paragraph 6(d).</u>

It is expected that no consideration shall be given to any sentencing factor first raised after the filing of the written statement.

7.     **February 22, 2005**: Judge's notice to counsel of rulings, tentative findings, whether oral testimony is to be permitted, and how objections to tentative findings may be made; and

8.     **February 24, 2005 at 8:30 a.m.**: Sentencing.

The probation office is directed to provide copies of any sentencing recommendation to counsel for the government and counsel for the defendant at the time the recommendation is submitted.

The dates in paragraphs 3 and 4 may be altered by written notice to counsel and the judge by the probation office.

   DATED this 7th December 2004.

                           BY THE COURT:



                           s/Joseph F. Bataillon
                           JOSEPH F. BATAILLON
                           United States District Court Judge